Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| RAÚL ANDRÉS TIRADO PÉREZ<br><br>Peticionario<br><br>v.<br><br>JOSÉ CARRIÓN MORALES Y OTROS<br><br>Recurrido | TA2026CE00111 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJ2025CV05467<br><br>Sobre:<br>Acción Civil<br>Cobro de Dinero |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 25 de febrero de 2026.

Comparece ante nos el Sr. Raúl Andrés Tirado Pérez (señor Tirado Pérez o peticionario) y nos solicita que revoquemos la *Orden*, emitida y notificada el 30 de diciembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1] En el aludido dictamen, el TPI declaró Sin Lugar la solicitud de anotación de rebeldía interpuesta por el peticionario.

Por los fundamentos expuestos a continuación, expedimos el auto de *certiorari* y **revocamos** el dictamen recurrido.

-I-

El presente caso tiene su génesis el 17 de junio de 2025, cuando el señor Tirado Pérez instó una *Demanda* sobre cobro de dinero en contra del Sr. José Carrión Morales (señor Carrión Morales o recurrido), Fulana de Tal, la Sociedad Ganancial que ambos pudieran tener y Fulana de Tal, Inc.[2] En esencia, arguyó que, como parte de las gestiones conducentes a adquirir un inmueble, se prestaba a realizar unas mejoras en éste y se comunicó con el

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) TPI, Entrada Núm. 9.

[2] *Íd.*, Entrada Núm. 1.

recurrido, en aras de contratarlo para realizar las mismas. Dentro del proceso de negociación del contrato de obra de las mejores, el recurrido comenzó a realizar trabajos de limpieza sobre el techo del inmueble y el peticionario le hizo entrega de un cheque de $12,400.00.

Igualmente, expuso que optó por dar por terminadas las negociaciones con el señor Carrión Morales y le solicitó la devolución del dinero adelantado, salvo la suma de $500.00, cuya retención autorizó en concepto del trabajo de limpieza. Adicionalmente, sostuvo que realizó gestiones extrajudiciales para la devolución del dinero y que el recurrido le hizo promesas de pago que incumplió. Consecuentemente, solicitó al foro de instancia que condenara al recurrido a devolver la suma de $12,400.00.

El 15 de octubre de 2025, el peticionario presentó un *Aviso al Expediente* mediante el cual informó que, el 11 de octubre de 2025, diligenció el emplazamiento personal del señor Carrión Morales.[3] Junto con su escrito, acompañó copia del emplazamiento diligenciado y la declaración jurada suscrita por la emplazadora. Así las cosas, el 5 de diciembre de 2025, el señor Tirado Pérez presentó una *Solicitiud [sic] de Anotación de Rebeldía* toda vez que el recurrido no había comparecido dentro del término establecido.[4] Ese mismo día, el foro *a quo* emitió y notificó una *Orden* en la que denegó la solicitud de anotación de rebeldía por el aducido incumplimiento del peticionario con los requisitos del *Servicemembers Civil Relief Act*, 50 USC sec. 3901 *et seq.* (SCRA).[5]

Inconforme, el 10 de diciembre de 2025, el señor Tirado Pérez presentó una *Moción de Reconsideración*.[6] En esencia, planteó que las defensas provistas por la SCRA le correspondían levantarlas a los demandados y que no existía base en las alegaciones que permitiera al foro

---

[3] SUMAC TPI, Entrada Núm. 3.
[4] *Íd.*, Entrada Núm. 4.
[5] *Íd.*, Entrada Núm. 5.
[6] *Íd.*, Entrada Núm. 6.

de instancia concluir que el recurrido es un militar activo. Consecuentemente, reiteró su solicitud de anotación de rebeldía. Ese mismo día, el TPI emitió una *Orden* en la que denegó reconsiderar su determinación.[7]

Así las cosas, el 22 de diciembre de 2025, el peticionario instó una *Moci[ó]n* junto con la cual acompañó una declaración jurada en la que consignó no tener manera de determinar si el señor Carrión Morales era o no un miembro activo en las Fuerzas Armadas de Estados Unidos, además de que éste se le representó como contratista exclusivamente.[8] Así pues, solicitó nuevamente al TPI que anotara la rebeldía al recurrido. No obstante, el 30 de diciembre de 2025, el foro *a quo* emitió y notificó la *Orden* recurrida en la que denegó anotar la rebeldía y reiteró al peticionario a que cumpliera con lo ordenado previamente.[9]

Inconforme, el 29 de enero de 2026, el señor Tirado Pérez acudió ante nos, mediante una *Petición de Certiorari*, y señaló al foro de instancia por la comisión de los siguientes errores:[10]

1. Erró el Tribunal de Instancia al interpretar la Ley de Servicio Militar Activo federal al requerir la declaración jurada en esta etapa de los procedimientos cuando lo que se solicita es la anotación de rebeldía.

2. Erró el Tribunal al no acoger el afidávit prestada por el demandante en cumplimiento con dicha legislación.

3. Erró el TPI al requerir la declaración porque establece como una presunción que todo demandado es un militar activo.

Asimismo, ese mismo día, presentó un *Aviso al Expediente* en el que atestiguó haber notificado copia del interpuesto recurso de *certiorari* al señor Carrión Morales vía correo postal certificado.[11] En virtud de ello, el 30 de enero de 2026, emitimos una *Resolución* mediante la cual ordenamos al recurrido a exponer su alegato dentro del término establecido para ello

---

[7] SUMAC TPI, Entrada Núm. 7. Notificada el 11 de diciembre de 2025.
[8] *Íd.*, Entrada Núm. 8.
[9] *Íd.*, Entrada Núm. 9.
[10] SUMAC TA, Entrada Núm. 1.
[11] *Íd.*, Entrada Núm. 2.

en nuestro Reglamento.[12] Sin embargo, a pesar de habérsele apercibido del término que tenía para acreditar cumplimiento, este no acreditó escrito alguno, por lo que, según advertido, procedemos a resolver sin el beneficio de su comparecencia, no sin antes exponer el marco jurídico aplicable.

-II-

-*A*-

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023) al citar a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd.* De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *Rivera et al. v. Arcos Dorados et al.*, *supra,* a la pág. 207-208. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos

---

[12] SUMAC TA, Entrada Núm. 3. Notificada el 2 de febrero de 2026.

esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.*

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[13]

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

-B-

La Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V R. 45.1, establece que cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma, y así sea demostrado, el Secretario o Secretaria, anotará su rebeldía. *Mitsubishi Motor. v. Lunor y otros*, 212 DPR 807,823 (2023). Específicamente, la discutida regla lee como transcribimos:

> Regla 45.1. Anotación
>
> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.
>
> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).

---

[13] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).

La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

Una vez se declara la rebeldía, se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra el rebelde. También se autoriza al tribunal a dictar sentencia, si esta procede como cuestión de derecho. *Mitsubishi Motor v. Lunor y otros*, *supra*, pág. 824 al mencionar a *Rivera Figueroa v. Joe's European Shop*, 186 DPR 580, 590 (2011) y otros.

En lo concerniente a esta sentencia en rebeldía, la Regla 45.2 de Procedimiento Civil, postula lo siguiente:

Regla 45.2. Sentencia

Podrá dictarse sentencia en rebeldía en los casos siguientes:

(a) *Por el Secretario o la Secretaria.* Cuando la reclamación de la parte demandante contra una parte demandada sea por una suma líquida o por una suma que pueda liquidarse mediante cómputo, el Secretario o la Secretaria, a solicitud de la parte demandante y al presentársele una declaración jurada de la cantidad adeudada, dictará sentencia por dicha cantidad y las costas contra la parte demandada cuando ésta haya sido declarada en rebeldía, siempre que no se trate de una persona menor o una persona incapacitada.

(b) *Por el tribunal.* En todos los demás casos, la parte con derecho a una sentencia en rebeldía la solicitará del tribunal, pero no se dictará sentencia en rebeldía contra una persona menor o una persona incapacitada a menos que estén representadas por el padre, la madre, el tutor o la tutora, el defensor o la defensora judicial u otro u otra representante que haya comparecido en el pleito. Si para que el tribunal pueda dictar sentencia o para ejecutarla se hace necesario fijar el estado de una cuenta, determinar el importe de los daños, comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado o una comisionada. Cuando la parte contra la cual se solicita una sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre.

De ordinario, los tribunales podrán dejar sin efecto la anotación de rebeldía. Inclusive, podrán dejar sin efecto una sentencia en rebeldía de

acuerdo con la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V R. 49.2.[14]

Ahora, si bien es cierto que la facultad de los tribunales para dejar sin efecto una anotación de rebeldía se enmarca en la existencia de justa causa, esta regla debe interpretarse de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía. *Rivera Figueroa v. Joe's European Shop*, *supra,* a la págs. 591-592

-C-

El Congreso de Estados Unidos legisló el SCRA, *supra*, de aplicabilidad en Puerto Rico,[15] con el objetivo de "proteger a los miembros de las fuerzas armadas de los Estados Unidos del rigor de los trámites de las acciones civiles de la cuales puedan ser partes." *Rivera Ortiz v. Rolón Merced*, 2025 TSPR 25, 215 DPR ___ (2025), pág. 5.

Así pues, con el fin de que quienes formen parte de la milicia estadounidense "concentren sus esfuerzos y energías en el ejercicio del servicio militar, el mencionado estatuto federal provee algunos remedios, entre los que se encuentra la suspensión de los procedimientos judiciales o administrativos." Íd. Consecuentemente, todo militar compelido a una causa en un foro judicial o administrativo sujeto a la aplicación del SCRA, tiene la facultad de solicitar la paralización del procedimiento.

En lo aquí atinente, la referida pieza legislativa provee para lo siguiente:

(a) Applicability of section

This section applies to any civil action or proceeding, including any child custody proceeding, in which the defendant **does not make an appearance**.

(b) Affidavit requirement

(1) Plaintiff to file affidavit

---

[14] Así lo dispone la Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V R. 45.3, al leer de la siguiente manera: El tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2.

[15] 50 USC sec. 3912 (a) (3).

In any action or proceeding covered by this section, the court, **before entering judgment for the plaintiff**, shall require the plaintiff to file with the court an affidavit —

(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or

(B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

[…]

(3) Defendant's military status not ascertained by affidavit

If based on the affidavits filed in such an action, the court is unable to determine whether the defendant is in military service, the court, **before entering judgment**, may require the plaintiff to file a bond in an amount approved by the court. If the defendant is later found to be in military service, the bond shall be available to indemnify the defendant against any loss or damage the defendant may suffer by reason of any judgment for the plaintiff against the defendant, should the judgment be set aside in whole or in part. The bond shall remain in effect until expiration of the time for appeal and setting aside of a judgment under applicable Federal or State law or regulation or under any applicable ordinance of a political subdivision of a State. The court may issue such orders or enter such judgments as the court determines necessary to protect the rights of the defendant under this chapter.

50 USC sec. 3931 (énfasis nuestro).

Expuesta la normativa jurídica aplicable, procedemos a disponer del presente recurso.

-III-

De entrada, toda vez que la controversia ante nos gira en torno a una decisión relativa a la solicitud de una anotación de rebeldía, es menester mencionar que, de conformidad con la Regla 52.1 de Procedimiento Civil, *supra*, estamos ante un asunto propio de un recurso de *certiorari*. Por lo tanto, estamos facultados para entender en el asunto.

En el presente caso, el peticionario recurre de la denegatoria del TPI de acoger su solicitud de anotar la rebeldía al recurrido. A tales efectos, como primer error señala que el foro de instancia erró al interpretar que la SCRA requiere la presentación de una declaración jurada para que proceda la anotación de rebeldía. Le asiste la razón.

Es sabido que "[c]uando la ley es clara y libre de toda ambigüedad, su texto no debe menospreciarse bajo el pretexto de cumplir su espíritu."[16] En ese sentido, un análisis de la disposición estatutaria relevante del SCRA es clara e inequívoca en que la declaración jurada en cuestión es un requisito **previo a la obtención de una sentencia en rebeldía**, y no al solicitar la anotación de rebeldía. Así surge explícitamente del estatuto en cuanto dispone que, "[i]n any action or proceeding covered by this section, the court, **before entering judgment** for the plaintiff, shall require the plaintiff to file with the court an affidavit . . . ." Sección 3931 (b) de la SCRA (énfasis suplido); véase, además, *Dogbar Fishing Charters, Inc. v. Lash,* No. CV 16-00373, 2016 WL 4574661, at *2 (D. Maine Sept. 1, 2016) ("The [SCRA] requires a plaintiff to file an affidavit stating whether the defendant is in the military service **before the court can enter a default judgment**.") (énfasis suplido).[17]

Según se colige del expediente, es indubitado que el recurrido fue emplazado personalmente el 11 de octubre de 2025, conforme lo hizo constar la emplazadora mediante declaración jurada.[18] Por lo tanto, de conformidad con la Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V R. 10.1, le correspondía al recurrido presentar su contestación, si así lo deseaba, en o antes del 10 de noviembre de 2025.[19] Así pues, por no obrar

---

[16] Artículo 19 de la Ley Núm. 55 de 1 de junio de 2020, según enmendada, mejor conocida como el "*Código Civil de Puerto Rico" de 2020*, 31 LPRA sec. 5341.

[17] Además de surgir meridianamente del propio estatuto, lo señalado es cónsono con las interpretaciones realizadas por foros de instancia federales cuando han resuelto que las disposiciones del SCRA relativas a la figura de la rebeldía, se activan previo al dictamen de una sentencia en rebeldía, y no son pertinentes a la etapa de la anotación de rebeldía. Véase, para ejemplo: *Davis v. Vorhees*, No. CV 21-08249, 2023 WL 4361267, at *1 (D. Ariz. July 6, 2023) ("[T]he SCRA's affidavit provision doesn't apply to the mere entry of default . . . ."); *Prudential Ins. Co. of Am. v. Forrest,* No. CV 20-00135, 2021 WL 10256467, at *2 (M.D. Tenn. March 24, 2021) ("[T]he SCRA's affidavit requirement and subsequent protections only apply when a plaintiff seeks default judgment . . . , not entry of default . . . ."); *Palaciosreal v. Indem. Co. of California, Inc.,* No. CV 13-00993, 2013 WL 12139138, at *4 (C.D. Cal. Oct. 21, 2013) ("[T]he SCRA's affidavit requirement only applies when a plaintiff seeks an entry of default judgment, not an entry of default."); United States v. Topeka Livestock Auction, Inc., 392 F.Supp. 944, 950 (N.D. Ind. 1975).

[18] SUMAC TPI, Entrada Núm. 3, *Anejo*.

[19] En lo pertinente, la Regla 10.1 de Procedimiento Civil, *supra*, dispone que "[u]na parte demandada que se encuentre en o fuera de Puerto Rico deberá notificar su contestación dentro de treinta (30) días de habérsele entregado copia del emplazamiento y de la demanda . . . ."

comparecencia alguna del señor Carrión Morales, el 5 de diciembre de 2025, el peticionario oportunamente solicitó la anotación de rebeldía. Hemos constatado que la súplica del escrito que sometió a tales efectos pide solamente que se anote la rebeldía al recurrido y no que se dicte sentencia en su contra. Por consiguiente, colegimos que, en el asunto de marras, la negativa del foro primario en anotar la rebeldía al recurrido y su exigencia de una declaración jurada bajo la premisa de un aparente cumplimiento con las disposiciones del SCRA para así hacerlo, fue inoportuna e incorrecta en derecho. Más aún, cuando posteriormente y con el fin de cumplir con el requerimiento del tribunal, el peticionario presentó una *Declaración Jurada* en la que, según requiere el SCRA, manifestó, no tener forma ni manera de determinar si el recurrido era miembro activo de alguna de las ramas del ejército estadounidense.[20]

Como ya citamos, la declaración a la que se refiere el SCRA es requisito previo para dictar sentencia; no para anotar la rebeldía. De igual forma, como previamente constatamos, no hay nada en el texto del estatuto federal en cuestión que impida al foro *a quo* a anotar la rebeldía del recurrido. Siendo así, no se justificaba denegar la anotación de rebeldía solicitada bajo el entendido de que debía cumplirse con las disposiciones del SCRA.[21]

En consideración de ello, resolvemos que el TPI erró al rechazar la solicitud de anotación de rebeldía que presentó el peticionario. Procede

---

[20] En todo caso, si el TPI no quedó satisfecho con la declaración sometida, exhortamos a dicho foro a instruir, una vez sea oportuno, al peticionario a obtener y presentar el documento titulado *Status Report Pursuant to Servicemembers Civil Relief Act* del Departamento de la Defensa Federal.

[21] Es cierto que la Sección 3931 del SCRA autoriza a los tribunales a solicitarle a un demandante que presente una declaración jurada en la que informe si la persona demandada está en el servicio militar y los hechos en los que basa su contención o para establecer que no tiene manera de determinarlo. Sin embargo, es meritorio señalar que tal cual el propio peticionario argumentó ante el TPI en su *Moción de Reconsideración* al citar a *Rivera Ortiz v. Rolón Merced*, supra, la paralización prescrita por el citado estatuto federal "se perfila como un mecanismo de defensa y no como un mecanismo de opresión sobre la parte contraria."

entonces revocar la determinación recurrida. Resuelto este asunto, es innecesario discutir los señalamientos de error restantes.

-IV-

Por los fundamentos antes consignados, expedimos el auto de *certiorari*, revocamos el dictamen recurrido. Asimismo, le anotamos la rebeldía al recurrido y devolvemos el caso de autos al foro de instancia para que continúen los procedimientos de conformidad con lo aquí establecido.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones